UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-267(DSD/LIB)

United States of America,

        Plaintiff,

v.                                                **ORDER**

Jason August Eisenach,

        Defendant.

This matter is before the court upon pro se defendant Jason August Eisenach's motions to expand the record and to vacate under 28 U.S.C. § 2255. Based on a review of the record, file, and proceedings herein, and for the following reasons, the motion to expand the record is granted and the motion to vacate is denied.

**BACKGROUND**

On October 4, 2016, Eisenach was indicted on one count of distribution of child pornography and one count of possession of child pornography. The government filed a superseding indictment on June 22, 2017, charging Eisenach with one count of receipt of child pornography and one count of possession of child pornography. Eisenach pleaded guilty to both counts on September 1, 2017, and was sentenced to 96 months' imprisonment and 15 years of supervised release in December of that year. It is what happened between the

October 2016 indictment and the September 2017 guilty plea that forms the basis of Eisenach's request for relief under § 2255.

After being indicted, Eisenach's asserted defense was that he did not know that the images at issue were child pornography until after he looked at them — at which point he claimed he deleted the photos — and thus he did not knowingly receive or possess child pornography.  See ECF No. 95 Ex. 3, at 15–16.[1]  Eisenach states that sometime before December 12, 2016, his defense counsel told him that "no reasonable jury would find [Eisenach] guilty beyond a reasonable doubt." Eisenach Decl. ¶ 3, ECF No. 90.  Nevertheless, on December 12, 2016, Eisenach's defense counsel moved for a continuance on the grounds "that the forensic computer discovery and the alleged use of electronic devices involved in this case" required analysis and that he was exploring retaining an expert to analyze the evidence.  ECF No. 22.  In the statement of facts in support of the motion signed by Eisenach, he stated that he had discussed the matter with his defense counsel and agreed with the need for additional time to "analyze and prepare the defense to the forensic computer issues involved, including the retention and preparation of any expert witness."  ECF No. 23.

---

[1] For the sake of clarity, the court cites to the page numbers assigned by CM/ECF.

On February 7, 2017, defense counsel again moved for a continuance due to the need to further analyze the forensic computer discovery and alleged use of electronic devices in the crime. ECF No. 25. Eisenach again acknowledged that he had discussed the matter with his defense counsel and agreed that more time was needed. ECF No. 26. After the government filed a superseding indictment in June of 2017, defense counsel moved for a third and final continuance on June 26, 2017. ECF No. 35. Defense counsel's motion was based on the need to analyze and prepare a defense against the new charge of receipt of child pornography. Id. As with the first two motions, Eisenach acknowledged that he had discussed the matter with his defense counsel and agreed with the need for more time. ECF No. 36.

After the third motion for continuance was granted, Eisenach's trial was set for September 6, 2017. See ECF No. 37. Sometime in August, Eisenach, following his counsel's advice, signed a stipulation stating that the individuals depicted in the images at issue were real people, that those people were under the age of 18, and that the images were produced outside of Minnesota. See ECF No. 95 Ex. 1. That stipulation was then included in the government's proposed exhibit list submitted shortly before trial. See ECF No. 43.

Instead of proceeding to trial, Eisenach pleaded guilty on September 1, 2017. At his change of plea hearing, Eisenach stated that he was there voluntarily and understood what was happening at the hearing. ECF No. 69, at 4, 25. He was asked twice whether he was satisfied with his defense counsel's performance, and both times he stated that he was. Id. at 5, 27. Eisenach stated that he had had enough time to speak to his defense counsel, and that defense counsel had answered all of his questions and told him what he thought would happen if he proceeded to trial. Id. Further, when asked if he had discussed whether to plead guilty with his defense counsel, he agreed that he had done so many times. Id. at 25. He also agreed that he had always been told that it was his decision whether to plead guilty, and that he had to make that decision knowingly and voluntarily. Id. Although he expressed some apprehension to pleading guilty, after a long colloquy in which the court explained to Eisenach that he was not required to plead guilty and he had a right to proceed to trial if he believed he was not guilty, Eisenach agreed that he was guilty. Id. at 27–32.

Eisenach appealed his sentence, and the Eighth Circuit Court of Appeals affirmed. Eisenach timely filed this motion to vacate on March 5, 2020, on the grounds of ineffective assistance of counsel. Eisenach first argues that his defense counsel was

4

ineffective because he moved for the three continuances, which Eisenach asserts gave the government time to strengthen its case against him. ECF No. 91, at 7–10. Eisenach contends that his defense counsel sought the continuances because he was not prepared and was not diligent in his investigation. Id. Second, Eisenach argues that his defense counsel was ineffective because he advised him to sign the stipulation mentioned above. Id. Eisenach asserts that this stipulation "contained substantially all of the elements of the offenses charged," and was therefore not a reasonable strategic decision designed to benefit him. See ECF No. 91, at 8–9. The government opposes Eisenach's motion.

## DISCUSSION

### I.   Expanding the Record on a § 2255 Motion

Eisenach has moved to expand the record to include his submitted declaration and exhibits. See ECF No. 88. In addition, the government has filed a declaration and exhibits from Eisenach's defense counsel. Under Rule 7 of the rules governing § 2255 cases, the court may accept and consider such documents when ruling on a motion to vacate. See Thomas v. United States, 737 F.3d 1202, 1207 (8th Cir. 2013). The court therefore grants Eisenach's motion and will consider the documents filed by both sides in support of their positions.

**II.  Section 2255 Standard**

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of an imposed sentence.  This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal.  United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).  When considering a § 2255 motion, a court may hold an evidentiary hearing.  See 28 U.S.C. § 2255(b).  A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted).  As discussed below, no hearing is required because Eisenach's claims are either contradicted by the record or facially meritless.

**III. Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, Eisenach must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  First, Eisenach must show that his counsel's performance was so deficient that it fell below

the level of representation guaranteed by the Sixth Amendment. Id. at 687.  "There is a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy."  Jackson v. United States, 956 F.3d 1001, 1006 (8th Cir. 2020) (quoting Toledo v. United States, 581 F.3d 678, 680 (8th Cir. 1990)).

Second, he must establish prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  Strickland, 466 U.S. at 694.  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691.  In the context of a guilty plea such as Eisenach's, he can establish prejudice by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

**A. Continuances**

Eisenach first contends that his counsel was ineffective in requesting three separate continuances that, according to Eisenach, allowed the government time to strengthen its case against him.  Eisenach states that the reason for each continuance was that his defense counsel was not prepared.  Because Eisenach's

7

counsel submitted a declaration contesting this assertion, Eisenach argues that an evidentiary hearing is required to resolve any credibility and factual disputes. The court disagrees, as the record makes clear that Eisenach's assertions lack merit.

Each motion for continuance was accompanied by an explanation from Eisenach's counsel and a statement of facts signed by Eisenach regarding the reason for the request. See ECF Nos. 22, 23, 25, 26. Eisenach agreed that the first two continuances were needed to investigate, analyze, and prepare a defense regarding the forensic computer issues involved. Further, Eisenach agreed that the third continuance was necessary to analyze and prepare defenses to the superseding indictment. These statements of fact belie Eisenach's current assertion that his counsel requested continuances simply because he was unprepared, and thus an evidentiary hearing on the matter is not required.

The question then becomes whether the requested continuances constitute a performance so deficient as to rise to the level of ineffective assistance of counsel. Defense counsel is provided broad leeway in planning and executing a defense strategy, including whether to request a continuance or acquiesce to a request for a continuance. See Strickland, 466 U.S. at 689; Nazarenus v. United States, 69 F.3d 1391, 1394 (8th Cir. 1995); United States v. Antwine, 873 F.2d 1144, 1149 n.8 (8th Cir. 1989).

In Antwine, the court rejected defendant's claim of ineffective assistance of counsel based on counsel's request for a continuance, finding that the request "represented his effort to provide the most effective assistance possible by allowing adequate time to prepare a defense." 873 F.2d at 1149 n.8. And in Nazarenus, the court held that counsel was not ineffective even after acquiescing to a government-requested continuance that allowed the government to strengthen its case against the defendant. See 69 F.3d at 1394.

Similarly here, the record illustrates that defense counsel's decision to request three continuances, and Eisenach's acquiescence to each, represents a reasonable effort to investigate, analyze, and prepare the best defense possible. As such, defense counsel's performance was not deficient, and the court need not analyze whether Eisenach was prejudiced by these decisions.

**B. Stipulation**

Eisenach next argues that defense counsel was ineffective in advising him to sign a stipulation regarding certain facts before trial. Eisenach now contends that this stipulation "contained substantially all of the elements of the offenses charged," and his counsel was therefore deficient in advising him to sign it and he was prejudiced by its existence. No evidentiary hearing is

9

required before disposing of this claim because it is facially meritless.

The following facts were in the stipulation: the individuals depicted in the images at issue were real people, they were people under the age of 18, and the images were produced outside of Minnesota. To be convicted of receipt or possession of child pornography, the government needed to prove that Eisenach knowingly received or possessed the images, "using a means and facility of interstate and foreign commerce and that had been mailed, shipped and transported in and affecting interstate and foreign commerce, by any means including a computer," and that those images contained visual depictions of a minor engaging in sexually explicit conduct. See 28 U.S.C. § 2252(a)(2), (a)(4)(B). A comparison of the stipulation against what is required to convict someone of receipt or possession of child pornography clearly shows that Eisenach was not advised to stipulate to "substantially all" of the elements required.

Further, like his claim above, this argument fails because the decision to enter a stipulation of this kind can be part of a reasonable strategy, especially where the stipulation does not in any way impede defendant's chosen line of defense. See Lemon v. United States, 335 F.3d 1095, 1096 (8th Cir. 2003). And even if counsel's advice to enter the stipulation could be deemed

deficient, Eisenach has not shown how he was prejudiced by this decision. Stipulating to the above facts in no way hindered Eisenach's chosen defense that, as evidenced by his claim that he deleted the images immediately on realizing what they depicted, he did not knowingly or intentionally receive or possess child pornography. Eisenach has failed to establish that he was prejudiced by this decision because he has not shown that there is a reasonable probability that he would not have pleaded guilty but for the existence of this stipulation. As such, his claim of ineffective assistance of counsel relating to the stipulation fails.

**IV. Certificate of Appealability**

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). The court is firmly convinced that Eisenach's motion is baseless, and that reasonable jurists could not differ on the results. A certificate of appealability is not warranted.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion to expand the record [ECF No. 88] is granted;

2. The motion to vacate pursuant to § 2255 [ECF No. 89] is denied; and

3. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 23, 2020

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court